# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.P., a minor, by and through her parents and natural guardians, BRYAN PALLMAN and STACEY PALLMAN, and BRYAN PALLMAN and STACEY PALLMAN individually,<br>　　　　　　Plaintiffs,<br>vs.<br>GARY PHARR and JODY PHARR,<br>3804 Pelican Way<br>Mission, TX  78572<br>　　　　　　Defendants. | Docket: _____<br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim of relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

| | |
|---|---|
| **Northern PA Legal Service**<br>33 North Main Street, Suite 200<br>Pittston, PA  18640<br>P: (570) 299-4100<br>　 (800) 236-6405 | **PA Lawyer Referral Service**<br>P.O. Box 1086<br>100 South Street<br>Harrisburg, PA  17108<br>P: (800) 692-7375 – PA Residents<br>　 (717) 238-6715 – Out of State |

Dated: ___6/20/23_____

*S/ Brian J. Walsh*
_____
Brian J. Walsh

Brian J. Walsh, Esq.
PA Atty. ID No. 82200
**BLAKE & WALSH, LLC**
436 Jefferson Avenue
Scranton, Pennsylvania 18510
(570) 342-0505
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **S.P., a minor, by and through her parents and natural guardians, BRYAN PALLMAN and STACEY PALLMAN, and BRYAN PALLMAN and STACEY PALLMAN individually,** <br>                 **Plaintiffs,** <br> vs. <br><br> **GARY PHARR and JODY PHARR,** <br> **3804 Pelican Way** <br> **Mission, TX  78572** <br>                 **Defendants.** | **Docket: _____** <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION – COMPLAINT

Plaintiffs, S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, and Bryan Pallman and Stacey Pallman, individually (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby complain of Defendants Gary Pharr and Jody Pharr (collectively, "Defendants") as follows:

**THE PARTIES**

1. Plaintiff S.P. is a minor under Pennsylvania law who is domiciled at 21 Morio Drive, Tunkhannock, Pennsylvania 18657.

2. Plaintiff Bryan Pallman is an adult and competent individual who is domiciled at 21 Morio Drive, Tunkhannock, Pennsylvania 18657.

3. Plaintiff Stacey Pallman is an adult and competent individual who is domiciled at 21 Morio Drive, Tunkhannock, Pennsylvania 18657.

4.      Defendant Gary Pharr is an adult and competent individual who is domiciled at 3804 Pelican Way, Mission, Texas 78572.

5.      Defendant Jody Pharr is an adult and competent individual who is domiciled at 3804 Pelican Way, Mission, Texas 78572.

**JURISDICTION & VENUE**

6.      Jurisdiction of this Court is conferred by 28 U.S.C. § 1332(a) by virtue of the parties' diversity of citizenship and the amount in controversy.

**7.**     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

**FACTUAL BACKGROUND**

8.      At all times relevant hereto, Defendants were in the process of selling their property located at 21 Morio Drive, Tunkhannock, Pennsylvania 18657 to Plaintiffs Bryan Pallman and Stacey Pallman.

9.      Prior to the sale, the Pallmans were contacted by Defendants to see if there was any furniture they wanted to purchase as part of the home sale.

10.     The Pallmans and Defendants agreed that the Pallmans would meet at the 21 Morio Drive address to inspect the furniture.

11.     On July 24, 2022, the Pallmans, along with their minor daughter S.P., drove to the 21 Morio Drive address.

12.     Prior to arriving, the Pallmans were informed by Defendants not to enter the house until their dog was secured outside as the dog had vicious propensities.

13.     Defendants were the owners of the rescue dog.

14.     Upon arriving at the property, the Pallmans waited until Defendant Jody Pharr indicated it was safe to enter the house as the dog had been secured outside.

15. As the Pallmans were looking at furniture in a basement bedroom, the dog entered the house through the unlocked back door and proceeded to the basement.

16. As the Pallmans were looking at furniture, suddenly and without warning, they heard a dog barking and growling and then ultimately, Plaintiff S.P. screaming for help.

17. In the basement hallway, the dog viciously attacked Plaintiff S.P. in front of Bryan Pallman and Stacey Pallman.

18. The dog bit Plaintiff S.P. numerous times on her face as well as her groin area.

19. Immediately after the attack, the Pallmans rushed Plaintiff S.P. to the bathroom to inspect the wounds.

20. Seeing a large amount of blood, the Pallmans immediately took Plaintiff S.P. to the nearest emergency services, which was the State Police.

21. The State Police ultimately rushed Plaintiff S.P. to the Moses Taylor Emergency Room for treatment.

22. The dog in question was a rescue, which Defendants knew or should have known exhibited violent propensities.

23. Defendants were well aware of the dog's violent propensities as they would not permit the Pallmans to enter their house without properly securing the dog outside.

24. Despite being aware of the dog's violent propensities, Defendants failed to properly restrain the dog outside so as to ensure that the dog did not come in contact with the Pallmans or their minor daughter S.P.

## COUNT I – NEGLIGENCE
### (Plaintiff S.P. vs. Defendants)

25. Plaintiff S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. Defendants knew or should have known of their dog's violent propensities.

27. Defendants did not have the dog on a chain or leash, restrained in any manner, or otherwise under their control at the time of the attack on Plaintiff S.P.

28. Defendants failed to have control of their dog, which possessed violent propensities, thereby allowing their dog to attack Plaintiff S.P.

29. The aforesaid attack and the resultant injuries suffered by Plaintiff S.P. was a direct and proximate result of Defendants' negligence as follows:

    a. In negligently and carelessly failing to keep their dog under control and supervised;

    b. In negligently and carelessly failing to ensure that their dog was adequately restrained when Defendants knew that their dog had a tendency to attack;

    c. In negligently and carelessly failing to ensure that they adequately prevented their dog from attacking innocent persons;

    d. In negligently and carelessly failing to ensure that they adequately protected Plaintiff, S.P., from the attack;

    e. In negligently and carelessly failing to ensure the back door was properly secure and locked;

    f. In negligently and carelessly failing to ensure that they properly confined, secured and/or controlled their dog in violation of 3 Pa. C.S.A. § 459-305;

    g. In negligently and carelessly failing to ensure that they were not harboring a dangerous animal in violation of 3 Pa. C.S.A. § 459-502-A;

    h. In negligently and carelessly failing to ensure that they adequately used due care in restraining their dog;

    i. In negligently and carelessly failing to ensure that they adequately confined their Dog when individuals were lawfully at the property;

   j. In negligently and carelessly failing to ensure that they took the steps necessary and proper to ensure that their dog would not attack individuals on the property;

   k. In negligently and carelessly failing to properly lock the door separating S.P. from their dog.

30. As a result of the aforesaid attack, Plaintiff S.P. has suffered permanent and severe injuries which include, but are not limited to the following:

   a. Lacerations and cuts to her face and groin area;

   b. Permanent scarring resulting in scars and disfigurement; and

   c. Severe shock to the nerves and nervous system and psychological trauma resulting in fear of dogs.

31. On behalf of Plaintiff S.P., Bryan Pallman and Stacey Pallman, her parents and natural guardians, make claims for past and future pain and suffering, loss of life's pleasures, inconvenience, past and future medical expenses, scarring, psychological trauma, and humiliation, as a result of Defendants' negligence.

**WHEREFORE,** Plaintiff S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, demand judgment against Defendants Gary Pharr and Jody Pharr in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction together with costs, delayed damages, prejudgment and post judgment interest as the law may allow, as well as any and all damages and costs permitted under the Federal Rules of Civil Procedure.

## COUNT II – STRICT LIABILITY UNDER PA STATE LAW
**(Plaintiff S.P. vs. Defendants)**

32. Plaintiff S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33. Under the Strict Liability Dog Bit Law in Pennsylvania, Defendant dog owners are liable for any injuries that result, even if the owner has no way to know that the dog would act aggressively or had ever acted aggressively before.

34. Defendants permitted their dog to attack Plaintiff S.P. because they failed to properly restrain the dog and/or otherwise control its movement.

**WHEREFORE,** Plaintiff S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, demand judgment against Defendants Gary Pharr and Jody Pharr in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction together with costs, delayed damages, prejudgment and post judgment interest as the law may allow, as well as any and all damages and costs permitted under the Federal Rules of Civil Procedure.

### COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Bryan Pallman & Stacey Pallman vs. Defendants)**

35. Plaintiffs Bryan Pallman and Stacey Pallman, by and trough their undersigned counsel, incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

36. Plaintiffs Bryan Pallman and Stacey Pallman were physically present in the hallway when the dog viciously attacked their minor daughter S.P.

37. Plaintiffs Bryan Pallman and Stacey Pallman witnessed the attack on their minor daughter which resulted in severe emotional distress and psychological suffering.

38. Plaintiffs Bryan Pallman and Stacey Pallman continue to experience emotional distress and psychological suffering from the attack.

**WHEREFORE,** Plaintiff S.P., a minor, by and through her parents and natural guardians, Bryan Pallman and Stacey Pallman, demand judgment against Defendants Gary Pharr and Jody Pharr in an amount in excess of the $75,000.00 jurisdictional limits for diversity jurisdiction

together with costs, delayed damages, prejudgment and post judgment interest as the law may allow, as well as any and all damages and costs permitted under the Federal Rules of Civil Procedure.

Dated: 6/20/23 _____

*s/ Brian J. Walsh*
Brian J. Walsh, Esq.
PA Atty. ID No. 82200
**BLAKE & WALSH, LLC**
436 Jefferson Avenue
Scranton, PA  18510
P: (570) 342-0505
F: (570) 342-0999
BWalsh@BlakeWalshLaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, BRIAN J. WALSH, hereby certify that I have caused to be served this day a true and correct copy of the foregoing **Civil Action – Complaint** on all parties recorded by U.S. First Class Mail, postage prepaid, addressed as follows:

Gary & Jody Pharr<br>
3804 Pelican Way<br>
Mission, TX  78572

                                                              *s/ Brian J. Walsh*
                                                              Brian J. Walsh, Esq.
                                                              PA Atty. ID No. 82200
                                                              **BLAKE & WALSH, LLC**
                                                              436 Jefferson Avenue
                                                              Scranton, PA  18510
                                                              P: (570) 342-0505
                                                              F: (570) 342-0999
          6/20/23                                      BWalsh@BlakeWalshLaw.com
Dated: _____         *Attorney for Plaintiffs*